THIEL DETECTIVE SERVICE CO. *v.* SEAVEY.

PRINCIPAL AND AGENT—UNAUTHORIZED CONTRACT—RATIFICATION
—EVIDENCE—SUFFICIENCY.
> In assumpsit to recover for services performed at the request
> of defendant's son, in auditing the books of defendant's bus-
> iness, being conducted by a manager, evidence examined, and
> *held*, to support findings that the son had no authority to
> bind defendant by such a contract, and that the manager did
> not ratify it since he had no knowledge that the work was
> being done under a contract ostensibly on behalf of defend-
> ant.

Error to Emmet; Shepherd, J. Submitted May 8, 1906.
(Docket No. 119.) Decided September 20, 1906.

Assumpsit by the Thiel Detective Service Company
against Amy R. Seavey for work and labor. There was
judgment for defendant, and plaintiff brings error. Af-
firmed.

*Clare J. Leroy* (*Charles B. Obermeyer* and *Dunne-
backe & Montgomery*, of counsel), for appellant.

*Halstead & Halstead*, for appellee.

HOOKER, J. Amy R. Seavey was the owner of a stock
of goods, and did business in Fort Wayne, Ind., under
the name of "The Seavey Hardware Company." She
gave no personal attention to the business, which was
in charge of Carl J. Weber, as manager. Her son, Walter
Seavey, was employed in the business, having charge of
the metal working department, but no authority to control
or manage the business of the concern. Being at variance
with Weber, and perhaps suspicious of his honesty, he
contracted with the plaintiff to make an audit of the books
of the concern and make a report, which was done, and
this action was brought to recover compensation therefor
at the agreed rate. The cause was tried without a jury,

findings being filed and judgment rendered for the defendant. Plaintiff has appealed.

Plaintiff contends (1) that the undisputed evidence shows that Walter Seavey was held out to the public by Mrs. Seavey and Weber as her general agent with authority to bind her in any transaction that might be necessary or proper and usual in the ordinary course of a business like hers; (2) that the work was done in the store, with full knowledge of Weber and of Randall, her attorney and adviser, and the contract made by Seavey was ratified. The learned circuit judge did not agree with either of these claims in his conclusion upon the facts. Our examination convinces us that the undisputed evidence does not show a holding out of Walter Seavey as a general agent or as one having any authority to make the alleged contract on the part of his mother. The finding states that the fact that his name appeared in the city directory as assistant manager of this concern did not come to the knowledge of the plaintiff previous to the making or performance of the contract. The finding also states that there was no ratification of the contract by Weber, and that Randall had no authority to ratify it. We think the testimony supports these findings. It is true that the work was done with the knowledge and assistance of Weber, but the evidence justifies the conclusion that he had no knowledge that it was being done under a contract ostensibly on behalf of defendant, but that plaintiff was hired by Walter, to whom it must look. His findings must be accepted as conclusive.

It is unnecessary to discuss the testimony at length, as the merits are not before us. Referring to some of the legal questions argued, we may say as there was no holding out of Walter Seavey to the plaintiff as one having authority, and no reliance on any act of defendant or Weber upon which they had a right to rely, the authorities upon that subject become unimportant.

The judgment is affirmed.

CARPENTER, C. J., and MCALVAY, BLAIR, and MOORE, JJ., concurred.